IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM DEXTER WHITE | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-505 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner William Dexter White, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Procedural History

Petitioner was convicted of murder in the 1A Judicial District Court of Jasper, Texas on March 12, 1990. Petitioner was sentenced to life imprisonment on June 13, 1990, and the conviction was affirmed on appeal.

The Petition

Petitioner states that he was denied parole in October of 2021. Petitioner contends that the Texas Board of Pardons and Paroles considered false information during the review process. Petitioner asserts that the state withheld evidence that allegedly proves the information was untrue. Finally, Petitioner claims that he was denied an evidentiary hearing.

Analysis

Title 28 U.S.C. § 2254 allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner contends that defects in the parole procedures, and the consideration of untrue information provided by an individual who opposed his release, violated his right to Due Process.

The Fourteenth Amendment to the United States Constitution prohibits states from depriving any person of life, liberty or property without due process of law. U.S. CONST. amend. XIV, § 1. Texas prisoners do not have a protected liberty interest in parole. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Therefore, they cannot challenge state parole review procedures on procedural, or substantive, Due Process grounds. *Id*. Allegations that false or unreliable information was used to make a parole determination do not amount to a federal constitutional violation. *Id*. "Rather, such concerns are matters for the responsible state agencies and it is to those bodies that grievances concerning parole procedures should be addressed." *Id*. at 309. As a result, Petitioner's allegations concerning Due Process violations do not state cognizable grounds for review.

Recommendation

This petition for writ of habeas corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 30th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge